[No. 2187–3. Division Three. April 6, 1977.]

NORTHWEST FARM BUREAU INSURANCE COMPANY, *Petitioner,* v. ARTHUR LEYENDEKKER, ET AL, *Respondents.*

*Gavin, Robinson, Kendrick, Redman & Mays* and *Robert R. Redman,* for petitioner.

*Perry J. Robinson,* for respondents.

MUNSON, C.J.—Petitioner, Northwest Farm Bureau Insurance Company, has moved for discretionary review of an order requiring it to produce a statement of a nonparty witness.

This witness' demand was made at respondent's request, on the stationery of respondent's attorney, to be produced at the office of respondent's attorney. Concurrently, respondent demanded a copy of his own statement. Petitioner acknowledged both demands, furnished a copy of respondent's statement and offered to produce the non-party witness' statement, but only if he promised "that it will not be read to, discussed with, or made available for reading or copying" by respondent's attorney, "his client, or to anyone not connected with my client, Northwest Farm Bureau, unless and until a court of law has indicated by its ruling that Mr. Robinson [respondent's attorney] or others are entitled to see its contents." Petitioner thereupon filed an objection to produce the nonparty witness' statement.

The trial court overruled petitioner's objection and ordered delivery of the nonparty witness' statement to the office of respondent's attorney. Petitioner seeks discretionary review of that ruling. We modify the order and affirm.

Cr 26(b)(3) states, in part:

[A] party may obtain discovery of documents and tangible things otherwise discoverable . . . prepared in anticipation of litigation or . . . for that other party's representative (including his attorney, . . .) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. . . .

A party may obtain without the required showing a statement concerning the action or its subject matter previously made by that party. Upon request, a person not a party may obtain without the required showing a statement concerning the action or its subject matter previously made by that person. *If the request is refused, the person may move for a court order.*

(Italics ours.) It is undisputed that a nonparty is entitled to a copy of his own statement.

The petitioner contends: (a) there was no showing of substantial need and/or hardship; and (b) the demand for a nonparty's statement cannot be made or enforced by the

party's counsel who is not the attorney of the nonparty witness.

We agree as to (a). If a party desires the statement of a nonparty witness and requires its production from his opponent, he must show both a "substantial need . . . and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Cr. 26(b)(3). Admittedly, there has been no showing of substantial need and/or undue hardship; respondent is basing his position strictly on the enforceability of the demand by the nonparty witness.

As to (b), once the demand by the nonparty witness has been refused and, if the nonparty so authorizes, the party seeking the statement may, through his attorney, represent that nonparty witness for the limited purpose of seeking an order requiring production of the statement. Rarely will the nonparty witness want to expend his funds for attorney's fees in order to enforce his demand; he should not be required to do so. Granted, he may have been persuaded to make that demand by the party seeking a copy of the statement, but we do not find it offensive to the intention and spirit of the discovery proceedings to have that nonparty witness represented by counsel for a party for this limited purpose. There must be proof of the authorization by the nonparty witness; we find sufficient proof here.

Notwithstanding the above, once the demand by a nonparty witness is made, a copy of that statement must be delivered to that witness. The rule does not require, nor should the court require, production to be made at the office of opposing counsel. Insofar as the order required the production of the statement at the office of opposing counsel, the order is reversed.

Furthermore, there is nothing in the rule which restricts the nonparty from showing a copy of his statement to anyone, including a party or his counsel. Any person giving a statement is entitled to a copy of that statement, and once received, is entitled to do with it as he desires. Petitioner

308

must furnish the nonparty witness a copy of his statement without restrictions.

The order is affirmed as modified.

GREEN and McINTURFF, JJ., concur.